**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 2:18-CR-8-7 JRG-RSP |
| | § | |
| CHARLIE JAKE PORTER | § | |

**REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

On August 4, 2025, the undersigned held a final hearing on the Government's amended petition (#855) to revoke supervised release. The Government was represented by Assistant United States Attorney Dustin Farahnak. The Defendant, Charlie Jake Porter, was represented by Assistant Federal Public Defender Jonathan Hyatt.

Charlie Jake Porter was sentenced on January 16, 2020, before The Honorable Rodney Gilstrap of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of IV, was 70 to 87 months. However, a Court determination for a variance below the guideline range was made following an unopposed motion issued by the defense. Mr. Porter was subsequently sentenced to 65 months imprisonment to be followed by a 4-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure for the purpose of monitoring employment; substance abuse testing and treatment, and a special assessment of $100.00. On August 18, 2023, Charlie Jake Porter completed his period of imprisonment and began service of the supervision term.

On July 21, 2025, Mr. Porter appeared before U.S. Magistrate Judge Roy S. Payne for an initial appearance in relation to revocation proceedings. Subsequently, Mr. Porter was not detained and allowed to resume his supervised release with the added condition he have no contact with Ms. Selena Schuchardt, with the exception of matters pertaining to the custody arrangements regarding their children. Mr. Porter was ordered to appear in Court on August 4. 2025, at 8:30 AM for a final revocation hearing.

On July 23, 2025, a Request for Modifying Conditions of Supervised Release was filed with the Court proposing the above-mentioned condition be added to Mr. Porter's current conditions of supervision.

On July 28, 2025, this amended petition to revoke was filed.   In its petition, the Government alleges the Defendant violated the following conditions:

1) <u>Mandatory</u>: You must not commit another federal, state or local crime.   Specifically, the Government alleges as follows: On May 7, 2025, Mr. Porter committed the offense of Terroristic Threat of Family/Household, a state class A misdemeanor.   On May 8, 2025, Mr. Porter committed the offense of Assault Causes Bodily Injury Family Violence, a state class A misdemeanor.

2) <u>Mandatory</u>: You must not unlawfully possess a controlled substance.   Specifically, the Government alleges as follows: On July 22, 2025, Mr. Porter submitted a positive urine specimen for methamphetamine/amphetamine and admitted to using said substance on or about July 19, 2025.

3) <u>Standard</u>: You must not communicate or interact with someone you know is engaged in criminal activity. Specifically, the Government alleges as follows: If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person

without first getting the permission of the probation officer.   Mr. Porter admitted to being in the company of individuals in possession of illegal controlled substances on or about July 19, 2025.

The Court scheduled a revocation hearing for August 4, 2025.   At the hearing on the Government's amended petition, and after consenting to the undersigned taking the plea, the Defendant pleaded true to allegation #2 as set forth above.   Based on the Defendant's plea of true to the allegation, and with no objection by the Defendant or the Government, the undersigned found that the Defendant did violate conditions of his supervised release, as alleged in the U.S. Probation Office's amended petition.

The undersigned thereafter recommended that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for twelve (12) months and one (1) day, with no supervised release to follow such term of imprisonment.   Based on the foregoing, it is

**RECOMMENDED** that the Defendant's plea of true to the allegation, as set forth in the Government's amended petition, be **ACCEPTED**.   Based upon the Defendant's plea of true to the allegation, it is further recommended that the Court find that the Defendant violated the conditions of his supervised release.   It is further

**RECOMMENDED** that the Defendant's supervised release be **REVOKED**.   It is further **RECOMMENDED** that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months and one (1) day, with no supervised release to follow such term of imprisonment.

At the close of the August 4, 2025, revocation hearing, Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein and to the imposition of the above sentence.

Defendant also waived his right to be present and speak before the District Judge imposes the recommended sentence. Therefore, the Court may act on the findings and recommendation immediately.

**SIGNED this 4th day of August, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE